UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SBERBANK OF RUSSIA**, <br><br> Plaintiff, <br><br> v. <br><br> **YURI TRAISMAN**, <br><br> Defendant. | Civil Action No. _____ <br><br><br> **COMPLAINT** <br><br><br> February 24, 2014 |

Plaintiff Sberbank of Russia ("Sberbank"), by and through its undersigned attorneys, for its complaint against Defendant Yuri Traisman ("Traisman"), states as follows:

## INTRODUCTION

1.     This action arises out of Defendant Traisman's failure to meet his obligations under a set of personal guaranties provided by Traisman to Sberbank. Those personal guaranties were provided in consideration of Sberbank's extension of a non-revolving line of credit in the principal amount of RUB 620,480,000 (equal to approximately US$17,300,000 as of the date of this Complaint) to Sealand, LLC ("Sealand"), for purposes of financing the construction of a shopping center in Moscow, Russia. Sealand defaulted on its debt obligations in June 2013, and has not made any payments to Sberbank since that time. Pursuant to the guaranties, Traisman is jointly and severally liable to Sberbank for the entirety of Sealand's debt, including accrued interest and fees, together with the costs and disbursements of this action, including attorneys' fees.

## THE PARTIES

2.     Plaintiff Sberbank is, and at all relevant times has been, a corporation organized and existing under the laws of the Russian Federation, with its principal office located at 19 Vavilova Street, Moscow 117997, Russian Federation.  Sberbank is the largest commercial bank in Russia.  The Central Bank of the Russian Federation holds the majority of Sberbank's shares.

3.     Defendant Traisman is a citizen and resident of the State of Connecticut with his principal address, upon information and belief, at 1 Indian Chase Drive, Greenwich, Connecticut 06830.  Upon information and belief, Traisman is a beneficial owner of and serves on the Board of Directors of Sealand, the borrower of the loans from Sberbank he guaranteed.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2), in that it is between Plaintiff Sberbank, a citizen of the Russian Federation and Defendant Traisman, a citizen of the State of Connecticut, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     This Court has personal jurisdiction over Traisman and venue in this Court is proper because Traisman resides within this District.

## THE BACKGROUND OF THIS ACTION

A.     **The Credit Agreements**

6.     Between 2007 and 2009, Sberbank entered into three loan agreements with Sealand (the "Credit Agreements"), pursuant to which Sberbank provided Sealand with a non-revolving line of credit to finance the construction of a shopping center in Moscow, Russia.

7.     The Credit Agreements were executed on the following dates and for the following loan amounts:

- Credit Agreement No. 404, dated September 28, 2007, for the amount of RUB 324,000,000.00;
- Credit Agreement No. 433, dated June 30, 2008, for the amount of RUB 240,000,000.00;
- Credit Agreement No. 2049, dated December 29, 2009, for the amount of RUB 56,480,000.00.

8.  Pursuant to the terms of the Credit Agreements, Sealand is obligated, *inter alia*, to (i) repay the loan principal by making periodic payments in accordance with the payment schedules set forth in the contracts, (ii) make periodic interest payments for the use of the credit line it obtained from Sberbank, and (iii) pay specified amounts to Sberbank for any delays in repayment of the loan principal or late interest payments.

9.  Each of the Credit Agreements contains an acceleration clause which entitles Sberbank to demand from Sealand full repayment of the unpaid loan balance, along with outstanding interest payments, late payment charges and other applicable payments, if, *inter alia*, Sealand remains in default of its repayment obligations for a period of more than three calendar days.

10. The Credit Agreements, by their terms, are governed by the laws of the Russian Federation.

   B.  **The Loan Guaranties**

11. At the time of or shortly after the execution of the Credit Agreements, and in consideration of Sberbank's extension of credit to Sealand, Traisman executed three personal guaranty agreements (the "Guaranties"), in favor of Sberbank, to secure the loans made pursuant to the Credit Agreements. True and correct copies of the Guaranties, as executed in Russian, are attached hereto as Exhibit A, and are made a part hereof as if fully set forth herein. True copies of the Guaranties, as translated into English, are attached hereto as Exhibit B, and are made a part hereof as if fully set forth herein.

12. The Guaranties, by their terms, are governed by the laws of the Russian Federation.

13. Under the Guaranties, Traisman acknowledges his familiarity with the terms of the Credit Agreements and unconditionally guarantees, in his individual capacity, the full payment and performance of Sealand's debt to Sberbank.

14. Paragraph 2.1 of the Guaranties provides that Traisman is jointly and severally liable for Sealand's debt obligations to Sberbank under the Credit Agreements, including liability for payment of legal fees that Sberbank may incur in seeking judicial enforcement of Sealand's debt.

15. Paragraph 2.3 of the Guaranties provides that Sberbank may demand from Traisman payment of the full balance of the outstanding loan and other payments owed to Sberbank under the Credit Agreements, whenever the terms of those agreements would entitle Sberbank to demand such accelerated payment from Sealand.

16. Following the execution of the Guaranties, Sberbank and Traisman executed several amendments to the Guaranties reflecting the fact that certain of the underlying terms of the Credit Agreements had been modified. Those amendments, however, did not alter Traisman's joint and several liability for Sealand's debt under the Credit Agreements or Sberbank's right to demand from Defendant payment of Sealand's debt.

    C.    **<u>Sealand's Default and Sberbank's Demand for Payment</u>**

17. As of April 17, 2013, Sealand had stopped making its scheduled payments to Sberbank in repayment of the loan principal as required by the Credit Agreements.

18. As of June 28, 2013, Sealand had stopped paying interest to Sberbank for the use of the credit line under the Credit Agreements and has not made any further payments to Sberbank since that date.

19. On July 23, 2013, Sberbank sent a notice to Sealand demanding full repayment of the remaining loan balance, together with unpaid interest and accrued charges. Sberbank was entitled to demand such payment from Sealand, because as of July 23, 2013, Sealand had remained in default of its obligations for a period exceeding three calendar days.

20. To date, Sealand has failed to comply with Sberbank's demand for payment of amounts owed under the Credit Agreements, and has not paid any part of its outstanding debt to Sberbank.

21. In November 2013, Sealand began bankruptcy proceedings in Russia and subsequently obtained a judicial declaration of bankruptcy before the commercial court in Moscow. In December 2013, that court ordered the commencement of receivership proceedings with respect to Sealand's assets. Under the terms of the Guaranties, such proceedings do not alter or affect Traisman's liability as a guarantor of Sealand's debt to Sberbank.

22. On July 23, 2013, Sberbank sent a written demand for payment (the "Demand Notice") to Traisman at his address in Connecticut. In the Demand Notice, Sberbank informed Traisman that Sealand had defaulted on its obligations under the Credit Agreements, and that Sberbank had elected to exercise its right under the Guaranties to demand from Traisman full repayment of Sealand's outstanding loan and other amounts payable under the Credit Agreements. A true and correct copy of the Demand Notice, as sent in Russian, is attached hereto as Exhibit C, and is made a part hereof as if fully set forth herein. A true copy of the

Demand Notice, as translated into English, is attached hereto as Exhibit D, and is made a part hereof as if fully set forth herein.

23. To date, Traisman has not complied with Sberbank's request for payment, as set forth in the Demand Notice, and has failed to pay any part of Sealand's outstanding debt to Sberbank under the Credit Agreements.

24. As of the date of this Complaint, the total amount owed to Sberbank under the Credit Agreements, including unpaid interest and additional payments, is RUB 781,200,659.08, which amounts to approximately US$22,000,000 at the rate of exchange, prevailing on the date of this Complaint.

25. Under the terms of the Credit Agreements, interest and other charges continue to accrue.

## CLAIM FOR RELIEF

**(Breach of Guaranties)**

26. Plaintiff repeats and realleges each and every allegation set out in paragraphs 1 through 25, inclusive, as if set forth fully herein.

27. The Guaranties constitute valid and binding contracts between Sberbank and Traisman, enforceable in accordance with their terms.

28. The Guaranties obligate Traisman to pay the entirety of Sealand's debt owed under the Credit Agreements to Sberbank in the event of Sealand's default.

29. Sealand has defaulted on its payment obligations, thereby triggering Traisman's obligation to pay the balance of Sealand's indebtedness to Sberbank.

30. Despite Sberbank's demand for payment, Traisman failed to pay any part of the amounts due and owing to Sberbank under the Guaranties and is in breach of the Guaranties' terms.

31. Sberbank has performed all of its obligations under the Guaranties.

32. By reason of Traisman's breach of the Guaranties, Sberbank has suffered damages, and is entitled to entry of judgment against Traisman for the total amount owed to Sberbank by Sealand, in the amount to be determined on the trial of this action, but no less than RUB 781,200,659.08, plus all further interest charges and costs accrued to the date of the judgment, together with interest on such judgment, as provided by law.

33. Pursuant to paragraph 2.1 of the Guaranties, Sberbank is entitled to recover the attorneys' fees and disbursements incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

(i) Awarding Sberbank a money judgment in an amount to be determined at trial, but no less than RUB 781,200,659.08, plus all further interest charges and costs accrued to the date of the judgment, together with interest on such judgment, as provided by law;

(ii) Awarding Sberbank its costs and disbursement in the present action, including without limitation, its attorneys' fees and disbursements incurred in connection therewith;

(iii) Awarding Sberbank such other and further relief as the Court deems just and proper.

By: /s/ Alfred U. Pavlis
    Alfred U. Pavlis (ct08603)
    William M. Tong (ct25304)
    FINN DIXON & HERLING LLP
    177 Broad Street, 15th Floor
    Stamford, CT  06901-2689
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: apavlis@fdh.com
           wtong@fdh.com


ORRICK, HERRINGTON & SUTCLIFFE LLP

Robert L. Sills
Igor Margulyan
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
E-mail: rsills@orrick.com
       imargulyan@orrick.com

*Attorneys for Plaintiff Sberbank of Russia*