UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SBERBANK OF RUSSIA, | : | 3:14cv216 (WWE) |
|     Plaintiff, | : | |
| v. | : | |
| YURI TRAISMAN, | : | |
|     Defendant. | : | |

## ORDER ON PENDING MOTIONS

In this action, plaintiff Sberbank of Russia sought to enforce its rights under three guaranty agreements executed by defendant Yuri Traisman in connection with commercial loans issued by plaintiff to a Russian company known as Sealand LLC. Traisman asserted affirmative defenses and counterclaims alleging bad faith conduct, failure to account for certain payments, lack of actual loan default, improper execution of the guaranties, and abuse of process.

In prior rulings on summary judgment, this Court found in favor of Sberbank on its claims and against Traisman, and against Traisman on his affirmative defenses and counterclaims against Sberbank. After the Court issued a judgment for approximately $7.5 million, defendant failed to pay any amount owed under that judgment. Plaintiff pursued post-judgment discovery, issuing several subpoenas upon third parties. Defendant has filed motions to quash the post-judgment subpoenas and for protective order; third-party Kolbrenner & Alexander, LLC has filed a motion to quash; and plaintiff has filed a motion to compel Kolbrenner & Alexander, LLC's compliance with plaintiff's subpoena. For the following reasons, the motions to quash and for a protective order will be denied; and plaintiff's motion to compel will be granted.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to attend and testify" or to "produce designated documents." A & R Body Specialty and Collision Works, Inc. v. Progressive Cas. Ins. Co., 2013 WL 6511934, *1 (D. Conn.).  At the same time, Rule 45(c)(3)(A)(iv) mandates that a court quash or modify a subpoena that "subjects a person to undue burden."  The party seeking to quash a subpoena bears the burden to show that compliance with the subpoena will prove burdensome.  Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293, 299 (S.D.N.Y. 2009).

Whether a subpoena imposes an undue burden depends upon factors such as relevance, the requesting party's need for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.  Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996).  In considering the question of an undue burden, the Court should inquire into the reasonableness of the subpoena and balance the interests served by compliance against those served by quashing it.  Aristocrat Leisure Ltd., 262 F.R.D. at 300.  The Court retains discretion in determining whether the subpoena should be quashed due to an undue burden.  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003).

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor may conduct broad post-judgment discovery "[i]n aid of the judgment or execution." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207-108 (2d Cir. 2012).  Judgment creditors are "entitled to a very thorough examination of a judgment debtor with respect to its assets,

2

including discovery of the identity and location of any of the judgment debtor's assets, wherever located." <u>British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A.</u>, 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000).

In response to this Court's order granting Sberbank's application for a prejudgment remedy ("PJR"), Traisman provided financial disclosures, which indicated that he was the current or former owner of six different companies, and that he held only $17,275 in assets other than his 50% interest in his property in Greenwich, Connecticut.[1]  Traisman submitted documents in support of his affidavit or other motions that showed he had monthly credit card bills of approximately $20,000 for personal expenses, monthly mortgage payments of $9,400, and monthly taxes of $5,500.  Accordingly, Traisman's disclosures raise a question of whether he has additional assets that he uses to afford such monthly expenses.

Sberbank argues that Traisman lacks standing to object to the subpeonas on third parties such as banks, accounting firms, insurance firms and Airbnb.  However, for purposes of this ruling, the Court assumes that Traisman has standing to object to the subpeonas.  Nevertheless, the Court finds that Traisman's objections lack merit.

<u>Wells Fargo, JP Morgan Chase Bank,  First Niagara Bank, Palm Beach Community Bank</u>

Traisman objects to the Sberbank's subpoenas served upon institutions where he banks on the basis that the date range of the subpoena requests are too broad and

---

[1]The six companies are YT Holdings, Inc., 21 Shoal Point Lane, LLC, Total Resource Recovery, Ltd., Metro Marketing, Inc., General Trading Corp., and Metro Marketing of Florida, Inc.

unnecessarily invade his privacy.  However, a judgment creditor may request asset information from banks during post-judgment discovery, EM Ltd., 695 F.3d at 207, and a judgment-debtor's privacy interest does not generally outweigh the judgment-creditor's entitlement to post-judgment discovery.  Universitas Educ., LLC v. Nova Group, Inc., 2013 WL 57892 at *5.

Traisman complains that Sberbank requests records from a time period prior to the commencement of the litigation and from his wife, who is not a party to this litigation.  Sberbank asserts that Traisman's prior transfer of his interest in the Greenwich property to his wife after Sealand defaulted on its loan payments to Sberbank indicates that he may have a history of concealing assets.[2]  Thus, Sberbank seeks discovery into Traisman's financial transactions prior to the time that Traisman guaranteed Sealand's debt, and into transfers to entities or individuals that may have facilitated concealment of assets.

Sberbank is entitled to a broad inquiry to discover Traisman's hidden assets, if any.  GMA Accessories, Inc. v. Electric Wonderland, Inc., 2012 WL 1933558, at *4 (S.D.N.Y.).  However, inquiry into the assets of a non-party is only permitted "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt as to the bona fides of the transfer of assets between them." Magnaleasing, Inc. v. Staten Island Mall, 76 F.R.D. 559, 561-62 (S.D.N.Y. 1977).  Post-judgment discovery into the assets of a non-party requires "a somewhat heightened showing of necessity and relevance" through some demonstration of concealed or

---

[2]The Court found probable cause to believe that Traisman had violated the Connecticut Uniform Fraudulent Transfer Act.

fraudulent transfers or an alter ego relationship.  <u>Uniden Corp. of America v. Duce Trading Co., LTD.</u>, 1993 WL 286102, at *1 (W.D.N.Y. July 19, 1993).  In light of Traisman's conveyence of his property interest to his wife, the Court finds that Sberbank is entitled to conduct discovery into Nelly Traisman's banking records. Sberbank's subpoenas served upon the banks are reasonably calculated to assist in identifying whether Traisman has hidden any assets that may be used to satisfy the judgment.  The motions to quash will be denied.

### Traisman's Companies

Sberbank has served subpoenas on the companies controlled by Traisman seeking information about the companies' records and assets.  Sberbank argues that Traisman's PJR disclosures indicated that Traisman had employed the assets of at least one of these companies for personal use (a home security system and a leased Bentley Contintental GTC Convertible).  Further, YT Holdings, 21 Shoal Point Lane, Total Resource Recovery each have a principal business address listed as Traisman's home address in Greenwich; Metro Marketing of Florida lists its mailing address as Traisman's Greenwich home; and Metro Marketing, Inc. and General Trading Corp. have a different business address in Greenwich but list Traisman as president, secretary and sole director.  Because there is an indication that Traisman may have an alter ego relationship with these companies and may have used them to conceal assets, the Court finds that Sberbank's discovery relevant to these companies is appropriate.

### NEBCO Insurance Services

Sberbank's subpoena on NEBCO requests information on all insurances policies

of which Traisman has been a beneficiary during the relevant period. Traisman asserts that Sberbank may obtain only policies in which he has a right of payment during the relevant period.

The Court sustains as relevant Sberbank's requests, which seek to identify Traisman's insured assets such as art and other tangible valuables.

Sotheby's Inc. and Traisman Russian Art Foundation

For the reasons discussed above, Sberbank's subpoenas upon Sotheby's and the Russian Art Foundation seek to identify information concerning Traisman's assets and whether he has transferred such assets to his foundation. Sberbank points out that Sotheby's lists Traisman rather than the Foundation as its client. The Court finds that Sberbank's subpeonas seek information reasonably calculated to assist in identifying whether Traisman has hidden any assets that could be used to satisfy the judgment.

American Express

Traisman objects to Sberbank's subpoena upon American Express, which seeks information regarding payments made by Traisman and accounts held by relevant third parties. For the reasons discussed above, inquiry into Traisman's financial transactions is relevant to discovery of Traisman's assets. The inquiry into accounts held by third parties such as Traisman's family members or companies that he controls is appropriate in light of Traisman's prior transfer of his property interest to his wife and his apparent use of company assets for personal use.

Kolbrenner & Alexander, LLC

Kolbrenner & Alexander is an accounting firm that performed accounting services for Traisman. Traisman and Kolbrenner invoke the "accountant client

privilege" pursuant to Connecticut General Statutes § 20-381j. However, Section 20-381j provides that accounting services "shall be deemed confidential provided that nothing herein shall be construed as . . . prohibiting disclosures in court proceedings . . . ." Section 20-281j creates an expectation of confidentiality but such "expectation is not a privilege and may be overcome on a showing of need." Sav. Bank of Manchester v. Daly, 2002 WL 1820682, at *1 (Conn. Super. Ct. June 12, 2002). Accordingly, Section 20-281j does not prohibit Sberbank's subpoena requests to Kolbrenner & Alexander.

Further, Traisman's tax returns are highly relevant to Sberbank's post-judgment discovery into Traisman's assets and income. See Libraire v. Kaplan, 760 F. Supp. 2d 288, 295 (E.D.N.Y. 2011) (tax returns are relevant and discoverable). The Court will deny Traisman's and Kolbrenner & Alexander's motions to quash. The Court will grant Sberbank's motion to compel compliance with its discovery requests.

### AirBnB

Traisman objects to Sberbank's subpoena on AirBnB as a bad faith fishing expedition. He maintains that Sberbank has no evidence that AirBnB retains any information about Traisman's assets. However, Traisman has had a profile on AirBnB since August 2012, which indicates that he may have real property that he rents through AirBnB. Accordingly, the subpoena is appropriate as it seeks information about Traisman's potentially undisclosed assets.

### Fox Rothschild LLP

Sberbank has served a subpoena on counsel at Fox Rothschild that seeks documents concerning payments for a retainer, fees and/or costs by Traisman, sources of funds used by Traisman to make payments, and accounts, assets or debts relevant

to Traisman. "[A]bsent special circumstances, client identity and fee information are not privileged." In re Grand Jury Subpoena Served upon Doe, 781 F.2d 238, 247 (2d Cir. 1986). This discovery request is relevant to the determination of whether Traisman retains any undisclosed assets. Accordingly, the Court will order compliance with the subpoena.

## CONCLUSION

For the foregoing reasons, the Motions to Quash and for Protective Order [#226 and 232] are DENIED; the Motion to Quash Plaintiff's Subpoena filed by Kolbrenner & Alexander LLC [#239] is DENIED; the Motion to Compel Kolbrenner & Alexander LLC's Compliance with Plaintiff's Subpoena [#254] is GRANTED. Kolbrenner & Alexander is instructed to comply with the subpoena within 15 days of this order's filing date.

Dated at Bridgeport, Connecticut, this _23d__ August 2016.

/s/Warren W. Eginton
Warren W. Eginton
Senior United States District Judge